UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20011-CV-SCOLA
MAGISTRATE JUDGE REID

EDWARD LEE WILSON,

      Petitioner,

v.

MARK INCH,

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

**Edward Lee Wilson**, who is presently confined at Avon Park Correctional Institution, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming that he is entitled to basic gain time and good credits (basic gain time). [ECF No. 1 at 6]. This case has been referred to the Undersigned for issuance of Report and Recommendation regarding any dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

Title 28 U.S.C. § 2241(d) provides that "when a petitioner is serving a state criminal sentence in a State that contains more than one federal district," he may file a habeas petition in the district where he is in custody and in the district where he was convicted and sentenced. However, "for core habeas petitions challenging

present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfield v. Padilla,* 524 U.S. 426, 443 (2004).

Here, Petitioner is challenging his present physical confinement at Avon Park Correctional Institution ("Avon Park C.I."). Avon Park C.I. is located in Polk County, which lies within the jurisdiction of the United States District Court for the Middle District of Florida. *See Baldwin v. Fla. Dep't of Corr.,* No. 06-14108-CV, 2008 WL 4346302, at *1 (S.D. Fla. Sept. 23, 2008) (transferring case following Eleventh Circuit remand with instructions to transfer case challenging conditions of confinement at Avon Park Correctional Institution, located in Polk County to Middle District of Florida, where petitioner was convicted and confined); *Bonini v. Fla. Dep't of Corrs.,* No. 8:17 -cv-164-T-23TGW, 2019 WL 512257, at *1 (M.D. Fla. Aug. 2, 2019) ("The Florida Department of Corrections employed the plaintiff . . . at its Avon Park Correctional Institution in Polk County, Florida . . . .").

Based on the forgoing, it is **RECOMMENDED** that the Clerk of Court **TRANSFER** this case to the United States District Court for the Middle District of Florida, as it is the appropriate venue. *See* 28 U.S.C. § 2241(d).1

---

1 Petitioner's state criminal case, Case No. 90-2153-CF, was adjudicated in the Twentieth Judicial Circuit Court of Lee County, Florida. Therefore, this Court would not have concurrent jurisdiction in this case pursuant to 28 U.S.C. § 2241(d).

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C). *See also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 30th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Edward Lee Wilson**
079099
Avon Park Correctional Institution
Inmate Mail/Parcels
8100 Highway 64 East
Avon Park, FL 34482
PRO SE

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov